UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMAR E., ) | |
|         Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:19-CV-194-JVB |
| ) | |
| ANDREW SAUL, Commissioner of the ) | |
| Social Security Administration, ) | |
|         Defendant. ) | |

## OPINION AND ORDER

Plaintiff Jamar E., *pro se*, seeks judicial review of the Social Security Commissioner's decision denying him disability insurance benefits and supplemental security income and asks this Court to reverse that decision and award benefits. For the reasons below, the Court denies Plaintiff's request and affirms the Administrative Law Judge's (ALJ's) decision.

## PROCEDURAL BACKGROUND

In Plaintiff's applications for benefits, he alleged that he became disabled on June 8, 2015. After a hearing in 2018, the ALJ found that Plaintiff engaged in substantial gainful activity since his alleged onset date, but there may have been a continuous 12-month period without such activity at some time during the timespan from his onset date to October 2016. The ALJ further found that Plaintiff suffered from the severe impairments of headaches/migraines, panic disorder, schizotypal personality disorder, depressive disorder, and generalized anxiety disorder. Then, because the ALJ found that Plaintiff is capable of performing his past relevant work as a semi-truck driver, the ALJ decided that the applications for benefits should be denied because Plaintiff was not disabled from June 8, 2015, through the date of the ALJ's decision. This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff asserts that the ALJ's decision must be reversed because the ALJ's conclusions are not supported by the medical record, because the ALJ did not give any weight to plaintiff's primary care physicians, because the ALJ did not adequately discuss Plaintiff's medical history regarding headaches, and because the ALJ erred in analyzing Plaintiff's subjective symptoms.

2

### A. Support in the Medical Record

Plaintiff's full argument on this point is "In the above case, the ALJ supports most of the conclusions without substantive regard to the medical record. Moreover, the ALJ fails to bridge the logical gaps in the medical record." (Opening Br. 2, ECF No. 11 (citations omitted)). Plaintiff has identified no specific error in the ALJ's decision. Pro se filings are construed liberally, but the pro se litigant is still required to "present a cogent legal argument with citations to authority and relevant parts of the record." *Greenwell v. Saul*, 811 F. App'x 368 (Mem), 2020 WL 3542846, at *2 (7th Cir. June 30, 2020). "Perfunctory and undeveloped arguments are waived." *M.G. Skinner & Assocs. Ins. Agency v. Norman-Spencer Agency*, 845 F.3d 313, 321 (7th Cir. 2017); *accord Greenwell*, 2020 WL 3542846, at *2. Therefore, this undeveloped argument provides no basis on which to reverse the ALJ's decision.

### B. Weight to Medical Opinions

For claims filed before March 27, 2017, as was Plaintiff's, a treating physician's medical opinion on the issues of the nature and severity of a claimant's impairments is to be given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). If controlling weight is not given, the regulations give additional guidance on evaluation of medical opinions. *See* 20 C.F.R. §§ 404.1549(c) 416.929(c).

Though Plaintiff alleges that multiple physician opinions were not given any weight, he only develops this argument as to Dr. Natalie Manalo, Plaintiff's neurologist. Any argument regarding other physician opinions are waived. *See Greenwell*, 2020 WL 3542846, at *2; *M.G. Skinner*, 845 F.3d at 321.

The ALJ gave "very little weight" to Dr. Manalo's opinion. (AR 21). Plaintiff points out that the ALJ reasoned as follows:

> First, the record does not support a finding that the claimant is not able to work while he is having headaches, because, as discussed in detail above, there is some question as to whether the claimant has even had a period of twelve months without earning above substantial gainful activity.

(AR 21). Plaintiff truncates the ALJ's reasoning. The ALJ continued, "the fact remains that there are significant periods that coincide with the claimant reporting headaches and simultaneously earning well above the threshold for substantial gainful activity."

Plaintiff attacks only the ALJ's notation that Plaintiff's 12-month period without substantial gainful activity is in doubt, saying "based on the evidence contained within the record the period of 12 months of disability is solid." (Opening Br. 2, ECF No. 11). However, Plaintiff does not point to the evidence that he believes to prove his point. The ALJ agreed that "there may have been a continuous 12-month period[ ] during which the claimant did not engage in substantial gainful activity." (AR 15). The ALJ assumed, for the purposes of her decision, that such a period existed, but she fell far short of accepting that the evidence fully supported such a 12-month period.

The ALJ, in rendering her decision, noted that Plaintiff earned $37,517.05 in 2015, with average monthly earnings that year of $2,976.25; $4,706.00 in the fourth quarter of 2016, with average monthly earnings that quarter of $1,568.67; $25,674.86 in 2017, with average monthly earnings that year of $2,139.57; and earned $800.00 per week as of his hearing at a job that he began in October 2017. (AR 14). The ALJ cited Exhibits 2D through 6D of the administrative record in discussing Plaintiff's work history.

Thus, the evidence lends some credence to Plaintiff's theory that he did not engage in substantial gainful activity for a 12-month period. This point is irrelevant, however, as this is not the actual criterion on which the ALJ's decision hinges. Instead, the determinative factor for the

ALJ was the periods of time in which Plaintiff both alleged headaches and worked above the level of substantial gainful activity. The ALJ also noted that Dr. Manalo did not provide "persuasive explanation" or clinical evidence to support her opinion. Plaintiff does not counter this point. On these bases, the ALJ discounted Dr. Manalo's opinion that Plaintiff was unable to work while having a headache and would be off-task 25% or more during episodes. Plaintiff has not shown that the ALJ's assignment of weight to Dr. Manalo's opinion runs counter to the regulations, and there is no reason for remand here.

### C. Citation to Medical Records

Plaintiff argues that the ALJ erred in not citing his complete medical record history. The ALJ is not required to cite every piece of evidence in the record, though she must consider all of the relevant evidence and provide enough analysis to permit meaningful judicial review. *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000); *Young v. Barnhart*, 362 F.3d 995, 1002 (7th Cir. 2004). Here, the records at issue appear to be Plaintiff's medical records from the Atwater Medical Group for encounters prior to April 15, 2015. Plaintiff's alleged onset date of disability is June 8, 2015, and the ALJ noted that Plaintiff had not complained of headaches four months prior to his onset date. The records at issue are from a time somewhat remote to the alleged disability period at issue, and Plaintiff does not explain how the uncited records undermine the ALJ's findings or show there to be no logical bridge between the medical evidence and the ALJ's conclusions. The ALJ provided enough analysis to permit meaningful review. There is no basis here on which to overturn the ALJ's decision.

### D. Subjective Symptoms

In evaluating Plaintiff's subjective symptoms, the ALJ took note of Plaintiff's abilities regarding daily activities, which he handled relatively independently, and Plaintiff's statements

that run counter to medical evidence in the record. (AR 19). The ALJ reported (1) Plaintiff's statement that his headaches were improving in August 2016, (2) a period of higher headache frequency that coincided with a period of prescription noncompliance, and (3) medication compliance that coincided with improvements with headaches.

Plaintiff cites Social Security Ruling 16-3p, and he notes the sort of things an ALJ must consider in analyzing subjective symptoms, but he does not identify any evidence or testimony that the ALJ failed to properly consider. Instead, he copies language from a superseded social security ruling:

> Factors that precipitate[ ] and aggravate the symptoms, the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; or any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15-20 minutes every hour, or sleeping on a board).

(Opening Br. 2, ECF No. 11 (quoting without attribution Social Security Ruling 96-7p, 1996 WL 374186, at *3 (July 2, 1996))). Plaintiff has not connected this source material to any relevant part of the record. *See Greenwell*, 2020 WL 3542846, at *2. Plaintiff has failed to develop this argument and has consequently waived it. *M.G. Skinner*, 845 F.3d at 321.

### E. Other Arguments

Though Plaintiff makes passing references to other matters in the record or provisions found in case law, he has developed nothing more than perfunctory statements of error on these matters. Thus, these arguments are waived. *M.G. Skinner*, 845 F.3d at 321; *see also Greenwell*, 2020 WL 3542846, at *2. The decision of the ALJ is affirmed.

### CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the relief requested in the Opening Brief [DE 11] and **AFFIRMS** the decision of the Commissioner of Social Security.

SO ORDERED on July 27, 2020.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT
